UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>LARRY R. GIBSON,<br><br>and<br><br>CHERYL D. FREDIEU-GIBSON,<br><br>                Debtors. | Chapter 13<br><br>Case No. 2-22-bk-04231 MCW<br><br>**ORDER DISMISSING CASE** |

The Trustee having notified the Court that the Debtors failed to file their 2019 through 2021 federal returns and their 2021 state returns as required by Local Rule 2084-5, the Court finds cause for dismissing the case pursuant to 11 U.S.C. § 1307(e). **Additionally, debtors are $5,178.00 in plan payment default as they have failed to remit any plan payments.**

**NOW, THEREFORE, IT IS ORDERED:**

(A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all parties in interest;

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve of reinstatement of the case, the matter may be set for hearing upon the Debtors' motion. The Court may set a hearing on any motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

(C) Pursuant to 11 U.S.C. § 586(e)(2), the Trustee collected the statutory percentage fee from all payments received and paid monthy actual, necessary expenses as such fee was collected.

(D) If the Chapter 13 Plan contains an application for payment of administrative expenses and no party in interest filed an objection to the application, then the counsel for the Debtors may lodge an order approving the application within 10 calendar days after the Court enters this Dismissal Order. Alternatively, counsel for the Debtors has 10 calendar days after the Court enters this Dismissal Order to file and notice out a separate fee application. If the attorney for the Debtors fails to timely lodge such Order or file a fee application, the Trustee may pay out the funds on hand according to this Order;

(E) The Trustee is to pay from the funds on hand conduit mortgage payments and any adequate protection payments previously ordered by the Court or as provided in Local Rule 2084-6, then to any allowed administrative expenses. If there is an insufficient amount of funds on hand to pay conduit mortgage payments and adequate protection payments, then the Trustee shall pay such amounts pro rata. After payment of conduit mortgage payments, adequate protection payments, and administrative expenses, the Trustee will return any remaining funds to the Debtors.

**ORDER SIGNED AND DATED ON PAGE ONE**